MINUTE ENTRY
WILKINSON, M.J.
NOVEMBER 8, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEITH L. SMITH                                          CIVIL ACTION

VERSUS                                                  NO. 06-953

FRANCIS J. HARVEY,                                      MAG. JUDGE WILKINSON
SECRETARY OF THE ARMY

## HEARING AND ORDER ON MOTION

A hearing was conducted today on defendant's Motion to Dismiss. Record Doc. No. 24. Participating were Clarence Roby, Jr., representing plaintiff, Keith L. Smith; and Peter M. Mansfield and Treva Grandpre-Cadres, representing defendant, Francis J. Harvey, Secretary of the Army ("the Secretary").

Having considered the complaint, the record, the submissions of the parties[1] and the applicable law, **IT IS ORDERED** that defendant's motion is GRANTED IN PART AND DENIED IN PART, as follows.

---

[1] The court has <u>not</u> considered the affidavits and other documentary evidence attached to plaintiff's opposition, Record Doc. No. 25, because a motion to dismiss is based solely on the pleadings. Fed. R. Civ. P. 12(b)(6).

MJSTAR:   : 20

A.   <u>Legal Standards for Motion to Dismiss</u>

The Secretary argues that Smith's claims should be dismissed either under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Motions filed under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction to hear a case.

> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. . . .  The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.

<u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001); accord <u>Johnson v. Aramco Servs. Co.</u>, 164 Fed. Appx. 469, 2006 WL 45849, at *1 (5th Cir. Jan. 10, 2006). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."  <u>Ramming</u>, 281 F.3d at 161.

When considering a motion to dismiss under Rule 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true. "All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the

plaintiff's favor."  Lewis v. Fresne, 252 F.3d 352, 357 (5th Cir. 2001); accord Lovick v. Ritemoney Ltd., 378 F.3d 433, 437 (5th Cir. 2004).

"Given the Federal Rules' simplified standard for pleading, [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quotation omitted); accord United States ex rel. Bain v. Georgia Gulf Corp., 386 F.3d 648, 653-54 (5th Cir. 2004).

Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.  Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570  (5th Cir. 2005).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  Southern Christian Leadership Conference v. Supreme Ct., 252 F.3d 781, 786 (5th Cir. 2001) (quotation omitted); accord Lovick, 378 F.3d at 437.

    B.    Title VII Preempts Plaintiff's Section 1981 and Intentional Infliction of Emotional Distress Claims

Defendant argues in his original memorandum that plaintiff's Section 1981 claims are preempted by Title VII.  Plaintiff does not respond to this argument.

Smith contends in his opposition memorandum that his complaint asserts a state law claim for intentional infliction of emotional distress.  Because such a claim is not

obvious from the complaint's invocation of this court's supplemental jurisdiction and vague references to Louisiana state law, see Record Doc. No. 1, Complaint at ¶¶ 1, 21, 23, the Secretary did not address it in his motion to dismiss. However, the Secretary responds in his reply memorandum that plaintiff's intentional infliction of emotional distress claim is preempted and should be dismissed for lack of subject matter jurisdiction.

The law is clear that any Section 1981 and intentional infliction of emotional distress claims arising out of plaintiff's allegations of race discrimination and harassment are preempted by Title VII.

> It is well settled that "[T]itle VII provides the exclusive remedy for employment discrimination claims raised by federal employees." Jackson v. Widnall, 99 F.3d 710, 716 (5th Cir. 1996) (finding constitutional claims to be preempted by Title VII). It has long been recognized that Title VII provides the sole remedy for racial discrimination claims asserted by federal employees. See Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976); Jackson, 99 F.3d at 716; Perez v. Federal Bureau of Investig., 71 F.3d 513, 515 (5th Cir. 1995); Rowe v. Sullivan, 967 F.2d 186, 189 (5th Cir. 1992); Watkins v. Lujan, 922 F.2d 261, 263 (5th Cir. 1991); Hampton v. Internal Revenue Serv., 913 F.2d 180, 182-83 (5th Cir. 1990). There is abundant "Supreme Court and Fifth Circuit precedent to the effect that Title VII provides both the exclusive cause of action and the exclusive remedy for federal employees who wish to assert claims of employment discrimination." Perez, 71 F.3d at 515 (concluding that court lacked jurisdiction to address federal employee's Bivens claims); see Rowe, 967 F.2d at 189 (holding claims of racial discrimination in employment brought by federal employee under §§ 1981, 1983, and 1985(3) to be preempted by Title VII); Watkins, 922 F.2d at 263 (rejecting federal employee's claim of racial discrimination under § 1981); Hampton, 913 F.2d at 182-83 (finding

> a claim for intentional infliction of emotion distress to be preempted by Title VII).
>
> Indeed, as early as 1976, the United States Supreme Court acknowledged that Title VII constitutes the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." Brown, 425 U.S. at 829 (rejecting a § 1981 claim of racial discrimination brought by a federal employee). The Supreme Court distinguished the situation of a federal employee from a private sector employee, who may pursue a parallel claim under § 1981, noting the more comprehensive administrative and judicial enforcement scheme available to a federal employee under § 717 of Title VII, 42 U.S.C. § 2000e-16. See id. at 832-33. The court reasoned that "[i]t would require the suspension of disbelief to ascribe to Congress the design to allow its careful and thorough remedial scheme to be circumvented by artful pleading." Id. at 833.
>
> The Fifth Circuit has "interpreted the Supreme Court's mandate in Brown to mean that, when a complainant against a federal employer relies on the same facts to establish a Title VII claim and a non-Title VII claim, the non-Title VII claim is 'not sufficiently distinct to avoid' preemption." Pfau v. Reed, 125 F.3d 927, 932 (5th Cir. 1997), judgment vacated on other grounds, 525 U.S. 801 (1998) (holding intentional infliction of emotional distress claim to be preempted) (quoting Rowe, 967 F.2d at 189).[2]

Williams v. Gonzales, No. 104CV342, 2005 WL 3447885, at *7-8 (E.D. Tex. Dec. 14, 2005).

Smith in the instant case fails to articulate any factual distinction between the basis for his Title VII claim and his Section 1981 and intentional infliction of emotional distress claims. Because Smith's allegations of "'constitutional violations [and intentional

---

[2] After remand from the Supreme Court to the Fifth Circuit, the Fifth Circuit affirmed its prior holding that plaintiff's intentional infliction of emotional distress claim was preempted. Pfau v. Reed, 167 F.3d 228, 229 (5th Cir. 1999).

infliction of emotional distress] arise out of the same facts as his employment discrimination claims, . . . they are preempted by Title VII and cannot afford an independent ground for relief.'" Id. at *8 (quoting Jackson, 99 F.3d at 716).

Accordingly, defendant's motion to dismiss plaintiff's Section 1981 and intentional infliction of emotional distress claims is GRANTED.

   C. <u>Plaintiff States a Claim for Retaliation</u>

Defendant contends that Smith fails to state a claim for retaliation under the government employee provision of Title VII. The Secretary argues that the United States Supreme Court's recent decision in <u>Burlington No. & Santa Fe Ry. v. White</u>, 126 S. Ct. 2405 (2006), applies only to private sector employees, and not to federal government employees, because the cause of action for retaliation for federal employees arises out of a separate provision of Title VII, 42 U.S.C. § 2000e-16(a), which has different language than the provision for the private sector employees' cause of action. Id. § 2000e-3(a).

The Supreme Court in <u>White</u>, which was a private sector employee case, resolved a circuit split and clarified the standard for bringing a retaliation claim. The Court held that Section 2000e-3(a) "covers those (and only those) employer actions that would have been materially adverse to a reasonable employee or job applicant. . . . [T]hat means that

the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." Id. at 2409.

In articulating this standard, the White Court specifically overruled the Fifth Circuit's stricter standard in Mattern v. Eastman Kodak Co., 104 F.3d 702 (5th Cir. 1997). Mattern had held that a private employee who alleges retaliation must demonstrate an "ultimate employment decision," such as "hiring, granting leave, discharging, promoting, and compensating." Id. at 707.

The Fifth Circuit in Mattern had imported that standard from an earlier, government sector case. Dollis v. Rubin, 77 F.3d 777 (5th Cir. 1995). However, the Supreme Court in White did not mention Dollis. Thus, the Secretary contends that the "ultimate employment decision" standard of Dollis survives White and continues to apply to federal government employees, such as Smith.[3]

The Secretary argues alternatively that, even if the White standard applies, Smith fails to state a claim under that more lenient standard.

I need not decide now which standard applies. Given Rule 8(a)'s simplified standard for pleading, taking the well-pleaded factual allegations of the complaint as true and resolving all questions of fact and any ambiguities in the current controlling

---

[3] The Secretary concedes that the District of Columbia Circuit has rejected this argument in Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C. Cir. 2006), but argues that the District of Columbia Circuit's reasoning is incorrect.

substantive law in plaintiff's favor, I cannot say that it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, under either standard. Although plaintiff's complaint contains only the slimmest allegations of fact, those allegations are sufficient to state a claim for retaliation. Almost all of the numerous cases cited by the Secretary in support of his contention that plaintiff's allegations in the instant case do not amount to an ultimate employment decision were summary judgment or post-trial motion cases, based on the evidence presented, and are therefore not on point when considering the instant motion to dismiss.

Accordingly, defendant's motion to dismiss plaintiff's Title VII retaliation claim is DENIED.

### D. Plaintiff States a Claim for Race Discrimination and Hostile Environment

For the same reasons, plaintiff's complaint states claims for race discrimination and a hostile work environment. Accordingly, defendant's motion to dismiss Smith's Title VII race discrimination and hostile work environment claims is DENIED.

### E. Plaintiff May Not Recover Punitive Damages from the Government

Punitive damages are not recoverable against government agencies in Title VII actions. 42 U.S.C. § 1981a(b)(1); Oden v. Oktibbeha County, 246 F.3d 458, 465-66 (5th Cir. 2001); Logan v. Nicholson, No. H-004-4178, 2006 WL 2222745, at *3 (S.D. Tex.

Aug. 2, 2006). Accordingly, defendant's motion to dismiss plaintiff's punitive damages claim is GRANTED.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that defendant's motion to dismiss is GRANTED IN PART and that plaintiff's claims for violation of 42 U.S.C. § 1981, for intentional infliction of emotional distress under state law and for punitive damages are DISMISSED WITH PREJUDICE. The remainder of defendant's motion is DENIED.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE